UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESTER WILLIAMS,

                            Plaintiff,

                -against-

JOSH PFEIFER,

                            Defendant.

19-CV-5016 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging that Defendant violated his rights under the Fifth and Fourteenth

Amendments to the United States Constitution. By order dated June 4, 2019, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty

days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*

## BACKGROUND

Plaintiff Lester Williams resides in the Bronx. Defendant, Josh Pfeifer, is Plaintiff's landlord, and resides in Brooklyn. Plaintiff accuses Defendant of committing an "illegal lockout," and he seeks $5 million in damages. (ECF No. 2 ¶¶ III, IV.) Plaintiff asserts the following facts.

In March 2017, Plaintiff was "awakened by a marshal," who "began to change the locks" on Plaintiff's apartment, and Plaintiff called the police. The police stopped "the movers and the marshal was nowhere to be found." Plaintiff left to go to work, but upon his return, he discovered that the apartment "was cleaned out," and his possessions were in a garbage truck. The eviction was unlawful, in part because Plaintiff's name was not on the paperwork. Plaintiff called the police again, but none of his "explanations were being heard as [he] was already locked out of the apartment." Plaintiff refused to leave, and an unknown person beat him so badly that he was

hospitalized for five days. Plaintiff alleges that the person who assaulted him worked for Defendant. (*Id.* at 10.)

Plaintiff went to the "tenant and landlord court" on 167th Street, but the clerk's office supervisor "ripped up" Plaintiff's paperwork and sent him to the court on 161st Street and Grand Concourse. A judge there stated that "she will not rule over another judge that [Plaintiff] was to be a John Doe and told [him] to go to 60 Centre St."

> As I proceeded the process I was told that I had to wait for a judge signature that was in a trial for 2 days. The secretary in the court said leave your paperwork and she'll call me when the judge signs my paperwork, the two days passed by and I called the secretary, who apologized but told me they had lost my paperwork. I am no longer seeking incompetence at 60 Centre Street I have been now Seeking Justice at 500 Pearl Street.

(*Id.*)

Plaintiff alleges that he "was on the phone with the special investigations unit reporting the problems of the police harassing and using Scare Tactics," and that he was advised to "go down to their office and make the report," but that he did not do so because he was "so scared to go due to [his] fear of the police." (*Id.*) Plaintiff researched the apartment building on Acris.nyc.gov, and found that Veronica Guerrero had been appointed as referee "in the NYC registry," and her address was shown to be 2777 Broadway. When Plaintiff went to that address, however, he was told that Guerrero "works at the clerk's office" in the court on 167th Street. But the "only person working there by that name is the supervisor of the tenant landlord court Clerk's Office Veronica Johnson." (*Id.*)

According to Plaintiff, Defendant and the courts are "in Cahoots and helping violate federal laws," including the National Bank Act of 1863. (*Id.* at 11.) Plaintiff claims that "[b]anks cannot own property, so how did Mr. Pfeifer obtain this property, by some referee that does not exist by the name of Veronica Guerrero at the office of 2777 Broadway the office." (*Id.*)

## DISCUSSION

Because Plaintiff asserts that Defendant violated his constitutionally protected rights, the Court liberally construes the complaint as arising under 42 U.S.C. § 1983. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The sole Defendant in this case is a private party who does not work for any state or other government body. Therefore, Plaintiff has not stated a claim against this defendant under § 1983.

Moreover, the facts alleged do not give rise to any other federal claims. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Although Plaintiff invokes the National Banking Act, 12 U.S.C. § 24(7), that statute does not create a private right of action. *See Thompson v. St. Nicholas Nat'l Bank,* 146 U.S. 240 (1892) (holding that "where the provisions of the national banking act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States, and not by private parties").

Plaintiff alleges that he was unlawfully evicted from his apartment, and that he is turning to this Court because he is deeply dissatisfied with the response he has received from the state court system. While sympathetic to Plaintiff's concerns, the Court simply does not have

jurisdiction to intervene in a landlord-tenant matter. *See, e.g.*, *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) (holding that the district court lacked federal question jurisdiction over an action because, *inter alia*, "a landlord-tenant dispute [is one] over which the federal courts simply have no jurisdiction."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002); *Glen 6 Associates v. Dedaj*, 770 F. Supp. 225, 228 (S.D.N.Y. 1991).

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It does not appear that Plaintiff can state any claims falling within this Court's jurisdiction, but in an abundance of caution, the Court grants Plaintiff leave to amend his complaint. If Plaintiff needs assistance with this matter, he may contact the NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in the Southern District of New York. A copy of the flyer with details of the clinic is attached to this order

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption

the document as an "Amended Complaint," and label the document with docket number 19-CV-5016 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   June 11, 2019
        New York, New York

                              *Louis L. Stanton*
                              Louis L. Stanton
                              U.S.D.J.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State              Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State              Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State              Zip Code

Defendant 4: _____

              First Name              Last Name

              _____

              Current Job Title (or other identifying information)

              _____

              Current Work Address (or other address where defendant may be served)

              _____

              County, City         State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.